In the Matter of 442 WEST 45th STREET, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [776 NYS2d 277]—

Order and judgment (one paper), Supreme Court, New York County (Paula J. Omansky, J.), entered on or about April 21, 2003, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination by respondent New York State Division of Housing and Community Renewal (DHCR), dated September 19, 2002, unanimously affirmed, without costs.

Because petitioner did not raise the issue of the apartment's status under the rent laws in its response to the tenant's overcharge complaint and, indeed, had accepted the tenant's rent-controlled rent for the preceding 16 years, DHCR did not act arbitrarily and capriciously or in violation of law when it determined that petitioner's challenge to the tenant's rent control status was procedurally barred (*see Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp.*, 291 AD2d 40, 54 [2001], *lv denied* 97 NY2d 613 [2002]).

Even if respondent erroneously determined that the Rent Administrator's March 22, 2002 order, issued upon reconsideration of his October 23, 2001 order, extended the tenant's time to file a petition for administrative review from the earlier order, the expiration of the statutory time period did not preclude respondent from determining that the Rent Administrator's orders deeming the subject apartment to be rent stabilized should be revoked by reason of an irregularity in a vital matter.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ.